ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| MTS General Contracting | ) | ASBCA No. 63521 |
| | ) | |
| Under Contract No. W56KGZ-15-A-6000 | ) | |

APPEARANCE FOR THE APPELLANT: Abathar N. Alkudari, Esq.
  At Law Group, PLLC
  Dearborn, MI

APPEARANCES FOR THE GOVERNMENT: Scott N. Flesch, Esq.
  Army Chief Trial Attorney
  CPT Jules L. Szanton, JA
  Michael McDermott, Esq.
  Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE ARNETT

This matter comes before the Board on the government's motion for summary judgment as to a claim for unpaid invoices asserted by appellant MTS General Contracting (MTS). The claim arises from call orders under a Blanket Purchase Agreement (BPA) awarded by the U.S. Army (Army or government). Because we find material facts in dispute regarding the invoices, the government's motion is denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

On May 17, 2015, the government awarded a BPA to MTS (R4, tab 1 at 1). Under the BPA, the government could place call orders for the provision of material-handling equipment (e.g., forklifts, bulldozers, front end loaders) at the Old Erbil International Airport in Erbil, Iraq (*id.* at 1, 3-7). The BPA period of performance was from May 17, 2015 to May 16, 2020 (*id.* at 2). The BPA provided that one invoice shall be submitted for each BPA call unless the call was paid for by a government purchase card (*id.* at 5).

In April 2022, MTS submitted to the government a spreadsheet listing invoices from December 2016 through September 2019, that it asserted were pending (app. resp., ex. 3). On October 11, 2022, MTS submitted a claim seeking $4,543,344 for more than 230 unpaid invoices* from December 2016 through September 2017 (R4, tab 28 at 1). The claim is a single page and lists a total number of unpaid invoices per month. Below

---

* While the claim mentions a total of 232 invoices, the spreadsheet reflects 224 items but does not identify invoice or contract numbers (R4, tab 28 at 1; app. resp. at ex. 5a).

the monthly subtotals, the claim also contains a reference to 96 invoices submitted by MTS in August 2022, that were unpaid. (*Id*.)  In a final decision dated October 27, 2022, the contracting officer denied the claim submitted by MTS (R4, tab 20 at 1-2).  On January 25, 2023, MTS filed an appeal with the Board, which was docketed as ASBCA No. 63521.

## DECISION

### *Parties' Contentions:*

The government's motion identifies 96 invoices from July 2015 to July 2018, that the government attributes to MTS' claim (gov't mot. at 4-14).  The government contends that it has already paid 94 of the 96 invoices, that MTS did not perform work on the other two invoices, that the government paid one additional invoice, and that 36 of the 96 invoices are barred by the statute of limitations (*id.* at 1).  The government concludes that no material facts are in dispute (*id.* at 1, 20 -21).

MTS asserts that the 96 invoices referenced by the government are not part of its claim (app. resp. at 1).  MTS notes that its claim seeks compensation for invoices from December 2016 through September 2017 *(id.*).  MTS states, "Clearly, there has been a disconnect between the parties on the particulars of this claim" and concludes that genuine issues of material fact remain in dispute, which preclude summary judgment (*id.* at 8).

### *Standard of Review:*

Summary judgment should be granted if it has been shown that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  All significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors, Inc., v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Our job is not "'to weigh the evidence and determine the truth of the matter,' but rather to ascertain whether material facts are disputed and whether there exists any genuine issue for trial." *Holmes & Narver Constructors, Inc.*, ASBCA Nos. 52429, 52551, 02-1 BCA ¶ 31,849 at 157,393 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

### *Disputed Material Facts:*

We find a dispute about the most basic issue here—which invoices are the subject of this appeal.  The 96 invoices identified by the government do not correspond with the invoices listed on MTS' April 2022 spreadsheet or its October 11, 2022 spreadsheet (app. resp., exs. 3, 5a).  Only 15 of the 96 invoices referenced by the government were

2

submitted during the period at issue in MTS' claim (from December 2016 through September 2017) (gov't mot. at 4-14). The 96 invoices discussed by the government do not correlate with MTS' claim. Thus, we find a material factual dispute regarding whether there remain valid, unpaid invoices that MTS submitted for call orders under the BPA. Accordingly, summary judgment is not appropriate.

*Compliance with Board Rule 4:*

The "disconnect" over which invoices are involved in the claim is concerning. Neither the government nor the Board should be left guessing which invoices are at issue. Board Rule 4(b) requires MTS, within 30 days of receipt of the government's appeal file, to supplement the file with any documents that MTS considers relevant to the appeal. Since the pertinent invoices do not appear in the current record, MTS has not satisfied the requirements of Board Rule 4(b).

CONCLUSION

The government's motion for summary judgment is denied for the reasons discussed above. Within 14 days of receipt of this decision, MTS shall identify the location of all pertinent invoices in the current appeal file or submit, as a supplement to the appeal file, all unpaid invoices identified in MTS' claim for which it seeks compensation. Any supplement should comply with the requirements of Board Rule 4(c) and the Board's Document Filing Guidance issued September 22, 2023.

Dated: October 18, 2023

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63521, Appeal of MTS General Contracting, rendered in conformance with the Board's Charter.

Dated:  October 18, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals